United States Bankruptcy Court

Central District of California

In re:
Juana Acosta
Debtor

Case No. 26-13695-SY
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0973-6 User: admin Page 1 of 2
Date Rcvd: Aug 20, 2026 Form ID: pdf042 Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 22, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Juana Acosta, 1134 Perla St, Perris, CA 92571-7749 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 22, 2026 Signature: /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 20, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Amitkumar Sharma | on behalf of Creditor Capital One Auto Finance a division of Capital One, N.A., c/o AIS Portfolio Services, LLC amit.sharma@aisinfo.com |
| Benjamin Heston | on behalf of Debtor Juana Acosta bhestonecf@gmail.com benheston@recap.email,NexusBankruptcy@jubileebk.net |
| Larry D Simons (TR) | larry@janus.law c119@ecfcbis.com;nancy@lsimonslaw.com;simonsecf@gmail.com;keila@janus.law |
| Sarah Arlene Dooley-Lewis | on behalf of Creditor Lakeview Loan Servicing LLC sdooleylewis@raslg.com |
| Shana Stark | on behalf of Creditor Lakeview Loan Servicing LLC sstark@raslg.com |
| United States Trustee (RS) | |

ustpregion16.rs.ecf@usdoj.gov

TOTAL: 6

Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address

NEXUS BANKRUPTCY
Benjamin Heston (297798)
3090 Bristol Street #400
Costa Mesa, CA 92626
Tel: 949.312.1377
Fax: 949.288.2054
*ben@nexusbk.com*

☐ *Debtor(s) appearing without attorney*
☒ *Attorney for*: Debtor

FOR COURT USE ONLY

FILED & ENTERED
AUG 20 2026
CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Mason DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -RIVERSIDE DIVISION**

In re:

JUANA ACOSTA,

Debtor(s).

CASE NO.: 6:26-bk-13695-SY
CHAPTER: 7

**ORDER ON DEBTOR'S MOTION TO CONVERT CASE UNDER 11 U.S.C. §§ 706(a) or 1112(a)**

[No Hearing Required]

Pursuant to LBR 1017-1, Debtor moved to convert this chapter 7 case to a case under chapter 13.

FINDING that this case was not previously converted from another chapter and Debtor is entitled to relief under the chapter to which conversion is sought, the court orders as follows:

1. ☒ Motion granted. This case is converted to chapter 13 pursuant to 11 U.S.C. § 706(a). If this case is being converted to chapter 13, Debtor must file a Chapter 13 Plan no later than 14 days after the date of the entry of this order.

2. ☐ Motion granted. This case is converted to chapter 7 pursuant to 11 U.S.C. § 1112(a).
   a. Within 14 days of the date of this order, the debtor in possession or chapter 11 trustee, if the Debtor is not a debtor in possession, must file a schedule of unpaid debts incurred after commencement of the chapter 11 case.

   b. Within 30 days of the date of this order, the debtor in possession or chapter 11 trustee, if the Debtor is not a debtor in possession, must file and transmit to the United States trustee a final report and account.

   c. The Debtor or chapter 11 trustee, if the Debtor is not a debtor in possession, must immediately turn over to the chapter 7 trustee all records and property of the estate remaining in its custody and control.

d. Within 14 days of the date of this order, the Debtor must file the statements and schedules required by FRBP 1019(1)(A) and 1007, if such documents have not already been filed.

e. If the Debtor is an individual, within 30 days of the date of this order or before the first date set for the meeting of creditors, whichever is earlier, Debtor must file a statement of intention with respect to retention or surrender of property securing consumer debts.

f. Within 30 days of the date of this order, the Debtor must, if the case is converted AFTER confirmation of a plan, file:

(1) A schedule of all property not listed in the final report and account which was acquired after commencement of the chapter 11 case but before entry of this order.

(2) A schedule of executory contracts and unexpired leases entered into or assumed after the commencement of the chapter 11 case but before entry of this order, and

(3) A schedule of unpaid debts not listed in the final report and account which were incurred after the commencement of the chapter 11 case but before entry of this order.

3. ☐ Motion denied without prejudice on the following grounds *(specify):* ☐ See attached page

4. ☐ Motion denied with prejudice on the following grounds:

a. ☐ Case previously converted under 11 U.S.C. § ☐ 1112 ☐ 1208 ☐ 1307

b. ☐ Debtor is not an eligible debtor under the chapter to which conversion is sought

c. ☐ Debtor is not acting or has not acted in good faith and, therefore, is not eligible to be a debtor under chapters 11, 12 or 13

d. ☐ Debtor is not a debtor in possession as required under 11 U.S.C. § 1112

e. ☐ Case was originally commenced as an involuntary chapter 11 case and is not eligible for automatic conversion under 11 U.S.C. § 1112

5 ☐ This matter is set for hearing as follows: *Date*: *Time*: *Courtroom*:
Address of courtroom:

6. ☐ Notice is required as follows (*specify*): ______________________ ☐ See attached page

7. ☐ Court further orders as follows (*specify*): ______________________ ☐ See attached page

###

Date: August 20, 2026

Scott H. Yun
United States Bankruptcy Judge