Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address

**NEXUS BANKRUPTCY**
Benjamin Heston (297798)
3090 Bristol Street #400
Costa Mesa, CA 92626
Tel: 949.312.1377
Fax: 949.288.2054
ben@nexusbk.com

☐ *Debtor appearing without attorney*
☑ *Attorney for Debtor(s)*

FOR COURT USE ONLY

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION**

List all names (including trade names) used by Debtor within the last 8 years.

In re:

JUANA ACOSTA,

Debtor(s).

CASE NUMBER: **6:26-bk-13695-SY**

CHAPTER 13

# CHAPTER 13 PLAN

☑ Original
☐ 1st Amended*
☐ 2nd Amended*
☐ __ Amended*

*list below which sections have been changed:

______________________________

[FRBP 3015(b); LBR 3015-1]

**11 U.S.C. SECTION 341(a) CREDITORS' MEETING:**

**Date:** **October 7, 2026**
**Time:** **8:00 AM**
**Address:** **Zoom video meeting**
**Go to Zoom.us/join**
**Enter Meeting ID 376 608 2241**
**Passcode 7122449023, OR**
**call 1 909 498 7843**

**PLAN CONFIRMATION HEARING: [LBR 3015-1(d)]**

**Date:** **November 17, 2026**
**Time:** **1:30 PM**
**Courtroom:** **302**
**Address:** **3420 Twelfth Street**
**Riverside, CA 92501**

***"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.***
***"FRBP" refers to the Federal Rules of Bankruptcy Procedure. "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.***

## PART 1: PRELIMINARY INFORMATION

**TO DEBTOR (the term "Debtor" includes and refers to both spouses as Debtors in a joint bankruptcy case):** This Chapter 13 Plan (Plan) sets out options that may be appropriate in some cases, but the presence of an option in this Plan does not indicate that the option is appropriate, or permissible, in your situation. A Plan that does not comply with local rules and judicial rulings may not be confirmable. You should read this Plan carefully and discuss it with your attorney if you have one. If you do not have an attorney, you may wish to consult one.

**TO ALL CREDITORS:** This Plan is proposed by Debtor and your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. You should read this Plan carefully and discuss it with your attorney if you have one. If you do not have an attorney, you may wish to consult one.

***PLEASE NOTE THAT THE PROVISIONS OF THIS PLAN MAY BE MODIFIED BY ORDER OF THE COURT.***

If you oppose this Plan's treatment of your claim or any provision of this Plan, you or your attorney must file a written objection to confirmation of the Plan at least 14 days before the date set for the hearing on confirmation. However, the amounts listed on a proof of claim for an allowed secured or priority claim control over any contrary amounts listed in the Plan. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. *See* FRBP 3015. In addition, you must file a timely proof of claim in order to be paid under any plan. *See* LBR 3015-1 and FRBP 3002(a).

Defaults will be cured using the interest rate set forth below in the Plan.

**<u>The following matters may be of particular importance to you:</u>**

***Debtor must check one box on each line to state whether or not this Plan includes each of the following items. If an item is checked as "Not Included," if both boxes are checked, or neither box is checked, the item will be ineffective if set out later as a provision in this Plan.***

**1.1 Valuation of property and avoidance of a lien on property of the bankruptcy estate, set out in Class 3B and/or Section IV (11 U.S.C. § 506(a) and (d)):**

☐ **Included** ☑ **Not Included**

**1.2 Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section IV (11 U.S.C. § 522(f)):**

☐ **Included** ☑ **Not Included**

**1.3 Less than full payment of a domestic support obligation that has been assigned to a governmental unit, pursuant to 11 U.S.C. §1322(a)(4). This provision requires that payments in Part 2 Section I.A. be for a term of 60 months:**

☐ **Included** ☑ **Not Included**

**1.4 Other Nonstandard Plan provisions, set out in Section IV:**

☐ **Included** ☑ **Not Included**

**ALL CREDITORS ARE REQUIRED TO FILE A PROOF OF CLAIM IN ORDER TO HAVE AN ALLOWED CLAIM, EXCEPT AS PROVIDED IN FRBP 3002(a).** A Debtor whose Plan is confirmed may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

Regardless of whether this Plan treats a claim as secured or unsecured, any lien securing such claim is not avoided other than as provided by law or order of the court.

# PART 2: PLAN TERMS

Debtor proposes the following Plan terms and makes the following declarations:

## SECTION I. PLAN PAYMENT AND LENGTH OF PLAN

A. Monthly Plan Payments will begin 30 days from the date the bankruptcy petition was filed. If the payment due date falls on the 28th, 30th, or 31st day of the month, payment is due on the 1st day of the following month (LBR 3015 1(k)(1)(A)).

Payments by Debtor of:

**$1,325** per month for months **1** through **60** totaling **$79,500**

For a total plan length of **60** months, totaling **$79,500**

B. Nonpriority unsecured claims.

The total amount of estimated non-priority unsecured claims is **$8,524**.

1. Unless otherwise ordered by the court, after Class 1 through Class 4 creditors are paid, allowed nonpriority unsecured claims that are not separately classified (Class 5) will be paid pro rata per the option checked below. If both options below are checked, the option providing the largest payment will be effective.

   a. ☑ **"Percentage" plan: 0%** of the total amount of these claims, for an estimated total payment of **$0**.

   b. ☑ **"Residual" plan:** The remaining funds, after disbursements have been made to all other creditors provided for in this Plan, estimated to pay a total of **$0** and **0%** to claims in Class 5. The amount distributed to Class 5 claims may be less than the amount specified here depending on the amount of secured and priority claims allowed.

2. Minimum Plan payments. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least the greater of the following amounts:

   a. the sum of **$0**, representing the liquidation value of the estate in a hypothetical Chapter 7 case under 11 U.S.C. § 1325(a)(4), or

   b. if Debtor has above-median income and otherwise subject to 11 U.S.C. § 1325(b), the sum of **$0**, representing all disposable income payable for 60 months under the means test.

C. Income tax refunds. Debtor will provide the Chapter 13 Trustee with a copy of each income tax return filed during the Plan term within 14 days of filing the return and, unless the Plan provides 100% payment to nonpriority unsecured creditors (Class 5), will turn over to the Chapter 13 Trustee all federal and state income tax refunds received for the term of the plan. The Debtor may retain a total of $500 of the sum of the federal and state tax refunds for each tax year. Income tax refunds received by the debtor and turned over to the Chapter 13 Trustee or directly turned over to the Chapter 13 Trustee by the taxing authorities do not decrease the total amount of payments stated in Section I.A., above. The refunds are pledged to the plan in addition to the amounts stated in Section I.A. and can be used by the Chapter 13 Trustee to increase the percentage paid to general unsecured creditors without further order of the Bankruptcy Court.

D. In the event that secured creditor(s) file a Notice of Postpetition Fees and Costs pursuant to FRBP 3002.1(c), the Chapter 13 Trustee is authorized, but not required, to commence paying those charges 90 days after that notice is filed, unless within that time the Debtor contests those charges by filing a motion to determine payment under FRBP 3002.1(e) or agrees to pay those charges by filing a motion to modify this Plan.

E. Debtor must make preconfirmation adequate protection payments for any creditor that holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in this Plan. Debtor must make preconfirmation adequate protection payments and preconfirmation lease payments to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits Of Account # | Amount |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

Each adequate protection payment or preconfirmation lease payment will accrue beginning the 30th day from the date of filing of the case. The Chapter 13 Trustee must deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured creditor(s) at the next disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will collect his or her statutory fee on all receipts made for preconfirmation adequate protection payments or preconfirmation lease payments.

F. Debtor must not incur debt greater than $1,000 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

G. The Chapter 13 Trustee is authorized to disburse funds after the date Plan confirmation is announced in open court.

H. Debtor must file timely all postpetition tax returns and pay timely all postconfirmation tax liabilities directly to the appropriate taxing authorities.

I. Debtor must pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the bankruptcy petition.

J. If the Plan proposes to avoid a lien of a creditor, the Chapter 13 Trustee must not disburse any payments to that creditor on that lien until the Plan confirmation order is entered.

K. Debtor must pay all required ongoing property taxes and insurance premiums for all real and personal property that secures claims paid under the Plan.

## SECTION II. ORDER OF PAYMENT OF CLAIMS; CLASSIFICATION AND TREATMENT OF CLAIMS:

Except as otherwise provided in this Plan, the Chapter 13 Trustee must disburse all available funds for the payment of claims as follows:

## A. ORDER OF PAYMENT OF CLAIMS:

**1st** If there are Domestic Support Obligations, the order of priority will be:

(a) Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on Plan Payments made to date;

(b) Administrative expenses (Class 1(a)) until paid in full;

If there are no Domestic Support Obligations, the order of priority will be:

(c) The Chapter 13 Trustee's fee not exceeding the amount accrued on Plan Payments made to date;

(d) Administrative expenses (Class 1(a)) until paid in full.

**2nd** Subject to the 1st paragraph, *pro rata* to all secured claims and all priority unsecured claims until paid in full except as otherwise provided in this Plan.

**3rd** Non-priority unsecured creditors will be paid *pro rata* except as otherwise provided in this Plan. No payment will be made on nonpriority unsecured claims until all the above administrative, secured and priority claims have been paid in full unless otherwise provided in this Plan.

**B. CLASSIFICATION AND TREATMENT OF CLAIMS:**

## CLASS 1

**ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507**

Class 1 claims will be paid in full pro rata. Any treatment that proposes to pay claims in Class 1(a) or 1(b) less than in full must be agreed to in writing by the holder of each such claim and specifically addressed in Section IV.D.

Unless otherwise ordered by the court, the claim amount stated on a proof of claim, and the dollar amount of any allowed administrative expense, controls over any contrary amount listed below.

| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, IF ANY | TOTAL PAYMENT |
|---|---|---|---|
| **a. Administrative expenses** | | | |
| (1) Chapter 13 Trustee's Fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | |
| (2) Attorney's Fees | **$6,500** | | **$6,500** |
| (3) Chapter 7 Trustee's Fees | | | |
| (4) Other | | | |
| (5) Other | | | |
| **b. Other priority claims** | | | |
| (1) Internal Revenue Service | **$4,368** | **0%** | **$4,368** |
| (2) Franchise Tax Board | **$1,800** | **0%** | **$1,800** |
| (3) Domestic Support Obligation | | | |
| (4) Other | | | |
| **c. Domestic Support Obligations that have been assigned to a governmental unit and are not to be paid in full in the Plan pursuant to 11 U.S.C. §1322(a)(4) (this provision requires that payments in Part 2 Section I.A. be for a term of 60 months)** *(specify creditor name)* | | | |
| | | | |

☐ See attachment for additional claims in Class 1.

## CLASS 2

**CLAIMS SECURED SOLELY BY PROPERTY THAT IS DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES AFTER THE FINAL PLAN PAYMENT IS DUE**

*Check one.*

☐ **None**. *If "None" is checked, the rest of this form for Class 2 need not be completed.*

☑ Debtor will maintain and make the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. Unless otherwise ordered by the court, these payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure the prepetition arrearages, if any, on a listed claim through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated.

The arrearage amount stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | POST-PETITION PAYMENT DISBURSING AGENT |
|---|---|---|---|---|---|---|
| **LAKEVIEW LOAN SERVICING** | **5963** | **$46,310** | **0%** | **$772** | **$46,310** | ☐ Trustee<br>☑ Debtor |

☐ See attachment for additional claims in Class 2.

## CLASS 3A

**UNIMPAIRED CLAIMS TO BE PAID DIRECTLY BY DEBTOR**

*Check one.*

☑ **None.** *If "None" is checked, the rest of this form for Class 3A need not be completed.*

☐ Debtor will make regular payments, including any preconfirmation payments, directly to the following creditors in accordance with the terms of the applicable contract (Include Creditor Name and Last 4 Digits of Account Number):

________________________________________

The claims of these creditors are unimpaired under the plan.

☐ See attachment for additional claims in Class 3A.

## CLASS 3B

**CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE TO BE BIFURCATED AND PAID IN FULL DURING THE TERM OF THIS PLAN**

*Check one.*

☑ **None.** *If "None" is checked, the rest of this form for Class 3B need not be completed.*

☐ Debtor proposes:

**Bifurcation of Claims - Dollar amounts/lien avoidance.** Except as provided below regarding bifurcation of claims into a secured part and an unsecured part, the claim amounts listed on a proof of claim control this Plan over any contrary amounts listed below.

(a) Bifurcated claims - secured parts: Debtor proposes that, for the purposes of distributions under this Plan, the dollar amount of secured claims in this Class 3B should be as set forth in the column headed "Secured Claim Amount." For that dollar amount to be binding on the affected parties, either

(i) Debtor must obtain a court order granting a motion fixing the dollar amount of the secured claim and/or avoiding the lien, or

(ii) Debtor must complete and comply with Part 2 Section IV.C., so that the Plan itself serves as such a motion; the "Included" boxes must be checked in Part 1 Paragraphs 1.1 and/or 1.2 (indicating that this Plan includes valuation and lien avoidance, and/or avoidance of a judicial lien or nonpossessory, nonpurchase-money lien in Section IV.C.); and this Plan must be confirmed - if any one of those conditions is not satisfied, then the claim will not be bifurcated into a secured part and an unsecured part pursuant to this sub-paragraph.

(b) Bifurcated claims - unsecured parts: Any allowed claim that exceeds the amount of the secured claim will be treated as a nonpriority unsecured claim in Class 5 below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENT |
|---|---|---|---|---|---|---|
| | | | | | | |

. ☐ See attachment for additional claims in Class 3B.

## CLASS 3C

**CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE TO BE PAID IN FULL DURING THE TERM OF THIS PLAN (WITHOUT BIFURCATION), INCLUDING CURE OF ARREARS, IF APPLICABLE.**

*Check all that apply.*

☐ **None.** *If "None" is checked, the rest of this form for Class 3C need not be completed.*

☑ Debtor proposes to treat the claims listed below as fully secured claims on the terms set forth below. These claims will not be bifurcated. The claim amounts listed on a proof of claim control this Plan over any contrary amounts listed below.

***IMPAIRED CLAIMS PAID THROUGH THE PLAN BY THE TRUSTEE***

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|
| **CAPITAL ONE AUTO FINANCE** | **1001** | **$11,000** | **7.75%** | **$222** | **$13,304** |

***CURE AND MAINTAIN CLAIMS***

☐ Debtor will maintain and make the current contractual installment payments (Ongoing Payments) on the secured claims listed below pursuant to the terms of the applicable contract, except as stated otherwise in this Plan. These payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure and pay the prepetition arrearages, if any, on a claim listed below through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated. The dollar amount of arrearage stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | ONGOING PAYMENT DISBURSING AGENT |
| | | | | | | ☐ Trustee<br>☐ Debtor |

☐ See attachment for additional claims in Class 3C.

## CLASS 3D

**SECURED CLAIMS EXCLUDED FROM 11 U.S.C. §506**

*Check one*.

☑ **None.** *If "None" is checked, the rest of this form for Class 3D need not be completed.*

☐ The claims listed below were either:

1. Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of Debtor, or
2. Incurred within 1 year of the petition and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under this Plan with interest at the rate stated below. The claim amount stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|
| | | | | | |

☐ See attachment for additional claims in Class 3D.

## CLASS 4

**OTHER CLAIMS ON WHICH THE LAST PAYMENT ON A CLAIM IS DUE AFTER THE DATE ON WHICH THE FINAL PLAN PAYMENT IS DUE, WHICH ARE PROVIDED FOR UNDER 11 U.S.C. §1322(b)(5)**

*Check one.*

☑ **None.** *If "None" is checked, the rest of this form for Class 4 need not be completed.*

☐ Debtor will maintain and make the current contractual installment payments (Ongoing Payments) on the secured claims listed below pursuant to the terms of the applicable contract, except as stated otherwise in this Plan. These payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure and pay the prepetition arrearages, if any, on a claim listed below through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated. The dollar amount of arrearage stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CURE OF DEFAULT | | | | ONGOING PAYMENT DISBURSING AGENT |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | |
| | | | | | | |

☐ See attachment for additional claims in Class 4.

## CLASS 5A

**NON-PRIORITY UNSECURED CLAIMS NOT SEPARATELY CLASSIFIED**

Allowed non-priority unsecured claims not separately classified must be paid pursuant to Section I.B. above.

## SEPARATE CLASSIFICATION:

***Check all that apply if Debtor proposes any separate classification of non-priority unsecured claims.***

☑ **None.** *If "None" is checked, the rest of this form for Class 4 need not be completed.*

## CLASS 5B

☐ **Maintenance of payments.** Debtor will maintain and make the contractual installment payments on the unsecured claims listed below on which the last payment is due after the final Plan payment. The contractual installment payments will be disbursed by Debtor.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|
| | | | | |

## CLASS 5C

☐ **Other separately classified non-priority unsecured claims.**

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | AMOUNT TO BE PAID ON THE CLAIM | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|
| | | | | |

☐ See attachment for additional claims in Class 5.

## CLASS 6

**SURRENDER OF COLLATERAL**

*Check one.*

☐ **None.** *If "None" is checked, the rest of this form for Class 6 need not be completed.*

☑ Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. Debtor requests that upon confirmation of the Plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Class 5 above

| CREDITOR NAME | DESCRIPTION |
|---|---|
| **ENFIN CORP** | **Solar panels** |

☐ See attachment for additional claims in Class 6.

## CLASS 7

**EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Any executory contracts or unexpired leases not listed below are deemed rejected.

*Check one.*

☑ **None.** *If "None" is checked, the rest of this form for Class 7 need not be completed.*

☐ The executory contracts and unexpired leases listed below are treated as specified (identify the contract or lease at issue and the other party(ies) to the contract or lease):

**Creditor name:** ____________________
**Description:** ____________________
☐ **Rejected** ☐ **Assumed; cure amount (if any): ________,**
**to be paid over _____ months**
**Creditor name:** ____________________
**Description:** ____________________
☐ **Rejected** ☐ **Assumed; cure amount (if any): ________,**
**to be paid over _____ months**

**Payments to be cured within ___ months of filing the bankruptcy petition. All cure payments will be made through disbursements by the Chapter 13 Trustee.**

☐ See attachment for additional claims in Class 7.

**SECTION III. PLAN SUMMARY**

| | |
|---|---|
| **CLASS 1a** | **$6,500** |
| **CLASS 1b** | **$6,168** |
| **CLASS 1c** | **$0** |
| **CLASS 2** | **$46,310** |
| **CLASS 3B** | **$0** |
| **CLASS 3C** | **$13,304** |
| **CLASS 3D** | **$0** |
| **CLASS 4** | **$0** |
| **CLASS 5A** | **$0** |
| **CLASS 5C** | **$0** |
| **CLASS 7** | **$0** |
| **SUB-TOTAL** | **$72,282** |
| **CHAPTER 13 TRUSTEE'S FEE** (Estimated 11% unless advised otherwise) | **$7,218** |
| **TOTAL PAYMENT** | **$79,500** |

**SECTION IV. NON-STANDARD PLAN PROVISIONS**

☑ **None.** *If "None" is checked, the rest of Section IV need not be completed.*

**Pursuant to FRBP 3015(c), Debtor must set forth all nonstandard Plan provisions in this Plan in this separate Section IV of this Plan and must check off the "Included" box or boxes in Paragraphs 1.1, 1.2, 1.3 and/or 1.4 of Part 1 of this Plan. Any nonstandard Plan provision that does not comply with these requirements is ineffective.** A nonstandard Plan provision means any Plan provision not otherwise included in this mandatory Chapter 13 Plan form, or any Plan provision deviating from this form.

**The nonstandard Plan provisions seeking modification of liens and security interests address only those liens and security interests known to Debtor, and known to be subject to avoidance, and all rights are reserved as to any matters not currently known to Debtor.**

☐ A. Debtor's Intent to File Separate Motion to Value Property Subject to Creditor's Lien or Avoid Creditor's Lien [11 U.S.C. § 506(a) and (d)]. Debtor will file motion(s) to value real or personal property of the bankruptcy estate and/or to avoid a lien pursuant to 11 U.S.C § 506(a) and (d), as specified in **Attachment A**.

☐ B. Debtor's Intent to File Separate Motion to Avoid Creditor's Judicial Lien or Nonpossessory, Nonpurchase Security Interest [11 U.S.C. § 522(f)]. Debtor will file a Motion to avoid a judicial lien or nonpossessory, nonpurchase-money security interest, on real or personal property of the bankruptcy estate listed below pursuant to 11 U.S.C § 522(f). If the court enters an order avoiding a lien under 11 U.S.C. § 522(f), the Chapter 13 Trustee will not pay any claim filed based on that lien as a secured claim.

**Name of Creditor Lienholder/Servicer:** ______________________
**Description of lien and collateral** (e.g., 2nd lien on 123 Main St.)**:** ______________________

______________________

**Name of Creditor Lienholder/Servicer:** ______________________
**Description of lien and collateral** (e.g., 2nd lien on 123 Main St.)**:** ______________________

______________________

☐ See attachment for any additional liens and security interests to be avoided by separate 11 U.S.C. § 522(f) motion.

☐ C. Debtor's Request in this Plan to Modify Creditor's Secured Claim and Lien. Debtor proposes to modify the following secured claims and liens in this Plan without a separate motion or adversary proceeding - this Plan will serve as the motion to value the collateral and/or avoid the liens as proposed below. **To use this option, Debtor must serve this Plan, LBR Form F 3015-1.02.NOTICE.341.LIEN.CONFRM and all related exhibits as instructed in that form. Note: Not all Judges will grant motions to value and/or avoid liens through this Plan. Please consult the specific Judge's Instructions/Procedures on the court's website for more information.**

**DEBTOR'S REQUEST TO MODIFY CREDITOR'S SECURED CLAIM AND LIEN**

**TO CREDITOR LIENHOLDER/SERVICER:**______________________________

☐ Real property collateral (street address and/or legal description or document recording number, including county of recording):

______________________________

(attach page with legal description of property or document recording number as appropriate)

☐ Other collateral (add description such as judgment date, date and place of lien recording, book and page number):

______________________________

☐ 11 U.S.C. § 522(f) – Debtor seeks avoidance of your lien(s) on the above described collateral effective immediately upon issuance of the order confirming this Plan.

☐ 11 U.S.C. § 506(a) and (d) – Debtor seeks avoidance of your lien(s) on the above-described collateral that will be effective upon the earliest to occur of either payment of the underlying debt determined under non-bankruptcy law or one of the following:

*(check all that apply and see LBR Form F 4003-2.4.ORDER.AFTERDISCH):*

☐ (1) discharge under 11 U.S.C. § 1328, or

☐ (2) Upon completion of all Plan payments.

Value of collateral: ………………………………………………………………………. $ __________

Liens reducing equity (to which subject lien can attach):

$ __________ + $ __________ + $ __________ = $ __________

Exemption (only applicable for lien avoidance under 11 U.S.C. § 522(f)): ………… $ __________

**Wherefore, Debtor requests that this court issue an order granting the foregoing property valuation and/or lien avoidance of the above-listed creditor on the above-described collateral in the form Attachment B, C and/or D to this Plan, as applicable. (Debtor must use and attach a separate Attachment B, C and/or D which are also mandatory court forms for modification of each secured claim and lien.)**

Amount of remaining secured claim (negative results should be listed as $-0-): …. $ __________

Note: See other parts of this Plan for the proposed treatment of any remaining secured claim (generally Class 3).

☐ See attachment(s) for additional request(s) to modify secured claims and liens by this Plan.

☐ **D. Other Non-Standard Plan Provisions (use attachment, if necessary):**

## SECTION V. REVESTING OF PROPERTY

Property of the bankruptcy estate will not revest in Debtor until a discharge is granted or the case is dismissed or closed without discharge. Revesting will be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under Chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate will vest in accordance with applicable law. After confirmation of this Plan, the Chapter 13 Trustee will not have any further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the LBRs. Prior to any discharge or dismissal, Debtor must seek approval of the court to purchase, sell, or refinance real property.

**By filing this document, the Attorney for Debtor, or Debtor if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Plan are identical to those contained in the Central District of California Chapter 13 Plan other than any nonstandard Plan provisions included in Section IV.**

Date: **9/3/2026**

**/s/Benjamin Heston**
BENJAMIN HESTON
**Attorney for Debtor**

Juana Acosta
JUANA ACOSTA
**Debtor 1**

**ATTACHMENT A to Chapter 13 Plan/Confirmation Order**
**(11 U.S.C. §§ 506: valuation/lien avoidance by separate motion(s))**

☑ **None.** *If "None" is checked, the rest of this Attachment A need not be completed.*

1. **Creditor Lienholder/Servicer:** ______________________
**Subject Lien** *(e.g., 2nd lien on 123 Main St.)*: ______________________

2. **Creditor Lienholder/Servicer:** ______________________
**Subject Lien** *(e.g., 3rd lien on 123 Main St.)*: ______________________

3. **Creditor Lienholder/Servicer:** ______________________
**Subject Lien** *(e.g., 4th lien on 123 Main St.)*: ______________________

4. **Creditor Lienholder/Servicer:** ______________________
**Subject Lien** *(e.g., 2nd lien on 456 Broadway)*: ______________________

5. **Creditor Lienholder/Servicer:** ______________________
**Subject Lien** *(e.g., 3rd lien on 456 Broadway)*: ______________________

6. **Creditor Lienholder/Servicer:** ______________________
**Subject Lien** *(e.g., 4th lien on 456 Broadway)*: ______________________

7. **Creditor Lienholder/Servicer:** ______________________
**Subject Lien** *(e.g., 2nd lien on 789 Crest Ave.)*: ______________________

8. **Creditor Lienholder/Servicer:** ______________________
**Subject Lien** *(e.g., 3rd lien on 789 Crest Ave.)*: ______________________

9. **Creditor Lienholder/Servicer:** ______________________
**Subject Lien** *(e.g., 4th lien on 789 Crest Ave.)*: ______________________

(Attach additional pages for more liens/provisions.)

**CERTIFICATION**: I have prepared this attachment (including any additional pages) for use by the Chapter 13 Trustee. I certify under penalty of perjury under the laws of the United States of America that the information provided in this attachment is accurate to the best of my knowledge after reasonable inquiry, and I acknowledge that the Chapter 13 Trustee has no duty to verify the accuracy of that information.

Executed on *(date)*: **9/3/2026**

*Printed name:* **Benjamin Heston** *Signature:* **/s/ Benjamin Heston**

☑ Attorney for debtor(s) or ☐ Debtor appearing without attorney