United States Bankruptcy Court

Central District of California

In re: Case No. 26-13695-SY
Juana Acosta Chapter 13
Debtor

# CERTIFICATE OF NOTICE

District/off: 0973-6 User: admin Page 1 of 2
Date Rcvd: Sep 10, 2026 Form ID: pdf042 Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 11, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Juana Acosta, 1134 Perla St, Perris, CA 92571-7749 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 11, 2026 Signature: /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 9, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Amitkumar Sharma | on behalf of Creditor Capital One Auto Finance a division of Capital One, N.A., c/o AIS Portfolio Services, LLC amit.sharma@aisinfo.com |
| Benjamin Heston | on behalf of Debtor Juana Acosta bhestonecf@gmail.com benheston@recap.email,NexusBankruptcy@jubileebk.net |
| David Coats | on behalf of Creditor Lakeview Loan Servicing LLC dacoats@raslg.com |
| Rod Danielson (TR) | notice-efile@rodan13.com |
| Sarah Arlene Dooley-Lewis | on behalf of Creditor Lakeview Loan Servicing LLC sdooleylewis@raslg.com |
| Shana Stark | |

on behalf of Creditor Lakeview Loan Servicing LLC sstark@raslg.com

United States Trustee (RS)
ustpregion16.rs.ecf@usdoj.gov

TOTAL: 7

Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address
David Coats (SBN 295684)
dacoats@raslg.com
Robertson, Anschutz, Schneid & Crane, LLP
1 Park Plaza, Suite 600
Irvine, CA 92614
Telephone: (470) 321-7112

☒ *Attorney for Movant*
☐ *Movant appearing without an attorney*

FOR COURT USE ONLY

FILED & ENTERED

SEP 09 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gooch DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -- RIVERSIDE DIVISION**

In re:

JUANA ACOSTA,

Debtor(s).

CASE NO.: 6:26-bk-13695

CHAPTER: 7

**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**
**(REAL PROPERTY)**

DATE: July 29, 2026
TIME: 9:30 a.m.
COURTROOM: 302
PLACE: 3420 Twelfth Street, Riverside, CA 92501

**Movant:** Lakeview Loan Servicing, LLC

1. The Motion was: ☐ Opposed ☐ Unopposed ☒ Settled by stipulation [Docket no. 23]

2. The Motion affects the following real property (Property):

*Street address*: 1134 Perla Street
*Unit/suite number*: ______
*City, state, zip code*: Perris, CA 92571

///

///

///

Legal description or document recording number (including county of recording):

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

PARCEL 1:

LOT 49 OF TRACT 30850-3, IN THE CITY OF PERRIS, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS SHOWN ON MAP FILED IN BOOK 420 OF MAPS, PAGES 75 THROUGH 81, OFFICIAL RECORDS OF SAID COUNTY("MAP").

EXCEPTING THEREFROM, ANY AND ALL (I) OIL RIGHTS, (II) MINERAL RIGHTS, (III) NATURAL GAS RIGHTS, (IV) RIGHTS TO ALL OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN, (V) GEOTHERMAL HEAT RIGHTS OR GEOTHERMAL SUBSTANCES THAT MAY BE PRODUCED FROM THE PROPERTY, (VI) WATER RIGHTS AND CLAIMS OR RIGHTS TO WATER AND (VII) ALL PRODUCTS DERIVED FROM ANY OF THE FOREGOING LOCATED IN OR UNDER THE PROPERTY AND LYING AND BEING AT A VERTICAL DEPTH OF 500 OR MORE FEET BELOW THE PRESENT NATURAL SURFACE OF THE GROUND, BUT WITHOUT RIGHT OF ENTRY ON THE SURFACE OR WITHIN A VERTICAL DEPTH OF 500 FEET BELOW THE PRESENT SURFACE OF THE GROUND, AS EXCEPTED BY CENTEX HOMES, A NEVADA GENERAL PARTNERSHIP, IN DEED OF RECORDED OCTOBER 26, 2015 AS INSTRUMENT NO. 2015-0469650 OF OFFICIAL RECORDS

PARCEL 2:

A NON-EXCLUSIVE EASEMENT, IN COMMON WITH OTHER OWNERS, FOR ACCESS, INGRESS AND EGRESS, IN, TO, OVER, UNDER AND ACROSS CERTAIN PORTIONS OF THE ASSOCIATION PROPERTY DESCRIBED IN THE OF COVENANTS, CONDITIONS AND RESTRICTIONS OF AVELINA RECORDED IN THE OFFICIAL RECORDS OF THE COUNTY RECORDER OF RIVERSIDE COUNTY, CALIFORNIA ON SEPTEMBER 11, 2014 AS DOCUMENT NO. 2014-0345492, AND ANY AMENDMENTS AND SUPPLEMENTS THERETO (COLLECTIVELY, THE "DECLARATION"), WHICH EASEMENT IS APPURTENANT TO THE LOT DESCRIBED IN PARCEL 1 ABOVE.

☐ See attached page.

3. The Motion is granted under:

   a. ☐ 11 U.S.C. § 362(d)(1)

   b. ☐ 11 U.S.C. § 362(d)(2)

   c. ☐ 11 U.S.C. § 362(d)(3)

   d. ☐ 11 U.S.C. § 362(d)(4). The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:

      (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or

      (2) ☐ Multiple bankruptcy cases affecting the Property.

      (3) ☐ The court ☐ makes ☐ does not make ☐ cannot make a finding that the Debtor was involved in this scheme.

      (4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order shall be binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4. ☐ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

   a. ☐ Terminated as to the Debtor and the Debtor's bankruptcy estate.

   b. ☐ Modified or conditioned as set forth in Exhibit _____ to this order.

c. ☐ Annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5. ☐ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant must not conduct a foreclosure sale of the Property before (*date*) ___________.

7. ☒ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Agreement contained within this order.

8. ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order. The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

9. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, as to the same terms and conditions as to the Debtor.

10. ☐ The 14-day stay as provided in FRBP 4001(a)(3) is waived.

11. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

12. Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

~~13. Upon entry of this order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).~~

14. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion

(a) ☐ without further notice.

(b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

15. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

16. ☐ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

(a) ☐ without further notice.

(b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

17. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be

(a) ☐ without further notice.

(b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

///

///

18. ☐ Other (*specify*):

###

Date: September 9, 2026

Scott H. Yun
United States Bankruptcy Judge

# ADEQUATE PROTECTION AGREEMENT

*(This attachment is the continuation page for paragraph 7 of this order.)*

The stay remains in effect subject to the following terms and conditions:

1. ☐ The Debtor tendered payments at the hearing in the amount of $__________________.

2. ☒ The Debtor must make regular monthly payments in the amount of $5,145.53 commencing (*date*) September 1, 2026. The amount of these payments may be subject to change under the terms of the parties' original agreements. All payments due Movant under this Adequate Protection Agreement must be paid to Movant at the following address:

   LoanCare
   3637 Sentara Way
   Virginia Beach, VA 23452

3. ☒ The Debtor must cure the postpetition default computed through August 1, 2026 in the sum of $46,309.77 as follows:

   Monthly mortgage payments December 2025 to August 2026 (9 payments) at $5,145.53 = $46,309.77

   a. ☐ In equal monthly installments of $ __________________ each commencing (*date*)____________ and continuing thereafter through and including (*date*)____________.
   b. ☐ By paying the sum of $ __________________ on or before (*date*)____________,
   c. ☐ By paying the sum of $ __________________ on or before (*date*)____________,
   d. ☐ By paying the sum of $ __________________ on or before (*date*)____________,
   e. ☒ Other (*specify*):

   Debtor filed a motion to convert her bankruptcy case from Chapter 7 to Chapter 13 on July 14, 2026 at docket # 13. An order converting this case from Chapter 7 to Chapter 13 must be entered on or before August 26, 2026. Debtor must file a Chapter 13 plan no later than 14 days after entry of the order converting the case, and that plan shall provide for the cure of all pre-conversion arrears owed to Movant.

4. ☐ The Debtor must maintain insurance coverage on the Property and must remain current on all taxes that fall due postpetition with regard to the Property.

5. ☐ The Debtor must file a disclosure statement and plan on or before (*date*) ____________
   The disclosure statement must be approved on or before (*date*) ____________
   The plan must be confirmed on or before (*date*) ____________

6. ☒ Upon any default in the terms and conditions set forth in paragraphs 1 through 5 of this Adequate Protection Agreement, Movant must serve written notice of default to the Debtor and the Debtor's attorney, if any. If the Debtor fails to cure the default within 14 days after service of such written notice:

   a. ☐ The stay automatically terminates without further notice, hearing or order.
   b. ☒ Movant may file and serve a declaration under penalty of perjury specifying the default, together with a proposed order terminating the stay, which the court may grant without further notice or hearing.
   c. ☐ The Movant may move for relief from the stay upon shortened notice in accordance with LBRs.
   d. ☐ The Movant may move for relief from the stay on regular notice.

7. ☐ Notwithstanding anything contained in this Adequate Protection Agreement to the contrary, the Debtor shall be entitled to a maximum of (*number*) ______ notices of default and opportunities to cure pursuant to the preceding paragraph. Once the Debtor has defaulted this number of times on the obligations imposed by this order and has been served with this number of notices of default, Movant is relieved of any obligation to serve additional notices of default or to provide additional opportunities to cure. If an event of default occurs thereafter, Movant will be entitled, without first serving a notice of default or providing the Debtor with an opportunity to cure, to file and serve a declaration under penalty of perjury setting forth in detail the Debtor's failures to perform under this Adequate Protection Agreement, together with a proposed order terminating the stay, which the court may enter without further notice or hearing.

8. ☒ This Adequate Protection Agreement is binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, this Adequate Protection Agreement ceases to be binding and Movant may proceed to enforce its remedies under applicable nonbankruptcy law against the Property and/or against the Debtor.

9. ☒ If Movant obtains relief from stay based on the Debtor's defaults under this Adequate Protection Agreement, the order granting such relief will contain a waiver of the 14-day stay as provided in FRBP 4001(a)(3).

10. ☒ Movant may accept any and all payments made pursuant to this order without prejudice to or waiver of any rights or remedies to which Movant would otherwise have been entitled under applicable nonbankruptcy law.

11. ☐ Other (*specify*):

**IT IS SO STIPULATED AND AGREED:**

Dated: 9/1/2026

**ROBERTSON, ANSCHUTZ, SCHNEID & CRANE, LLP**

/s/ David Coats
David Coats
Attorney for Movant

Dated: 9/1/2026

**NEXUS BANKRUPTCY**

Benjamim Heston, Esq.
Attorney for Debtor