| | |
|---|---|
| ROD DANIELSON, Chapter 13 Trustee<br>3787 University Avenue<br>Riverside, CA 92501-3332<br>(951) 826-8000 FAX (951) 826-8090<br><br>Chapter 13 Trustee | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| | |
|---|---|
| **IN RE**<br><br>Juana Acosta<br><br>DEBTOR | **CHAPTER 13**<br>**CASE NO. 6:26-bk-13695-SY**<br><br>**TRUSTEE'S OBJECTION TO PLAN CONFIRMATION AND REQUEST FOR DISMISSAL OR CONVERSION TO CHAPTER 7**<br><br>**341A DATE/TIME: October 7, 2026 8:00 am**<br>**CONF DATE/TIME: November 17, 2026 1:30 pm**<br>**3420 Twelfth St.**<br>**Courtroom: 302** |

The Chapter 13 Trustee hereby objects to confirmation of the plan in this case for the reasons set forth in Attachment A, incorporated herein by this reference. The Trustee objects to the plan to the extent that it fails to comply with the mandatory provisions of the bankruptcy code, including but not limited to 11 U.S.C. §1322 and §1325, and any provisions governing disposable income, plan duration, and good faith. The Trustee reserves the right to raise other objections in the course of plan confirmation.

Debtors and counsel are reminded:

1. Failure to appear and prosecute this case at any confirmation hearing or initial or continued meeting of creditors may result in dismissal of the case, including dismissal with a 180-day bar to re-filing. 11 U.S.C. §1307(c), LBR 3015-1(c) and (d), 11 U.S.C. §109(g)(1).
2. Failure to pay all required plan and mortgage payments timely and in the required amounts may result in dismissal of the case, including dismissal with a 180-day bar to re-filing. LBR 3015-1(e) and (k)(4), 11 U.S.C. §§1326(a), 109(g)(1).
3. Debtor is required to cooperate with the Chapter 13 Trustee. 11 U.S.C. §521(3).
4. Any additional documents required to be submitted or requested by the Trustee herein or otherwise must be received by the Trustee not later than 5 business days following the initial 341(a) meeting of creditors.

WHEREFORE, the Chapter 13 Trustee hereby moves this court for its order denying confirmation and dismissing this case, including dismissal with a 180-day bar to re-filing, or converting the case to chapter 7, if appropriate.

DATED: October 16, 2026

/s/ Rod Danielson
Chapter 13 Trustee

# ATTACHMENT A - ACOSTA

## Declaration of Rod Danielson in Support For Objection to Plan Confirmation and Request Dismissal

The Chapter 13 Trustee hereby objects to confirmation of the plan and requests dismissal or conversion of this case on the following grounds and for the following reasons:

- The Notice of Hearing and copy of the AMENDED plan were not served on all creditors nor filed with the Court. [FRBP 2002(a)(9) and (b)(3); LBR 3015-1(b)(3)]

- Debtor(s) must provide a short form business report for 2026 YTD that is signed under penalty of perjury AND proof of the rental income for the last 4 months. [LBR 3015-1(c)(3); LBR 3015-1(c)(4)]

- All disposable income on Schedule J is not pledged to the plan. Debtor's schedules show rental income of $1,430/month, however, Debtor testified that she receives between $2,900 to $3,000 per month. [11 U.S.C. §1325(b)(1)(b); Hamilton v. Lanning, 560 U.S. 505; 130 S. Ct. 2464 (2010)]

- Income on Schedule I is understated for the Debtor based on the proof provided. Debtor's bank deposits are from $15,000 to $26,000 and only about $14,000 is disclosed on Schedule I. The plan payment should be increased. [11 U.S.C. §1325(b)(1)(b); Hamilton v. Lanning, 560 U.S. 505; 130 S. Ct. 2464 (2010)]

- The plan does not represent the Debtor's best efforts to fund the plan. The Debtor has unreasonably high expenses for a household of 1 plus 4 non-contributing adults, specifically: $1,200 food, $600 cable/net/cell, $950 transportation plus $410 auto insurance, $4,200 "estimated taxes", and $200 clothes. The means test requires a 100% plan. [11 U.S.C. §1325(b)(1)(b); Hamilton v. Lanning, 560 U.S. 505; 130 S. Ct. 2464 (2010)]

- Payments on a vehicle loan will end during the plan term, but the plan has no step payments to bring in this additional disposable income for the benefit of creditors. [11 U.S.C. §1325(b)(1)(b); Hamilton v. Lanning, 560 U.S. 505; 130 S. Ct. 2464 (2010)]

- Debtor(s) failed to disclose complete information in the Statement of Financial Affairs #4, #5, #20, and #27.

- The Chapter 13 Means Test has not been filed.

- The Debtor must provide an unexpired copy of the Declaration page of the auto insurance policy (not the insurance card) for all vehicles that the Debtor owns or leases.

I declare under penalty of perjury that the foregoing is true and correct. Signed and dated at Riverside, California on 10/16/2026.

/s/ Rod Danielson
Chapter 13 Trustee

| In re: **JUANA ACOSTA** Debtor(s) | **Chapter: 13**<br>Case Number:<br>**6:26-bk-13695-SY** |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 3787 University Avenue, Riverside, CA 92501.

A true and correct copy of the foregoing document entitled: **TRUSTEE'S OBJECTION TO PLAN CONFIRMATION AND REQUEST FOR DISMISSAL OR CONVERSION TO CHAPTER 7** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Orders LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **10/16/2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**US Trustee: ustpregion16.rs.ect@gov.com**
**ben@nexusbk.com**

☐ Service Information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On **10/16/2026,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here contitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

HONORABLE SCOTT H. YUN
3420 TWELFTH STREET,
COURTROOM 302
RIVERSIDE, CA 92501-3819

☐ Service Information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P.5 and/or controlling LBR, on ________________ I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service Information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 10/16/2026 | /s/ Susan Jones |
|---|---|
| Date | Signature |